**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC # _____
DATE FILED: _2/28/2020_

| | |
|---|---|
| IN RE APPLICATION OF TOP MATRIX HOLDINGS LTD FOR AN ORDER TO TAKE DISCOVERY FOR USE IN A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782 | Case No.:    18-MC-00465(ER)<br><br>ECF Case |

## ~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER REGARDING PROTECTED DATA

WHEREAS, Top Matrix Holdings Ltd filed an Application to take discovery from Credit Suisse Holdings (USA) Inc., Credit Suisse (USA) Inc., Credit Suisse Securities (USA) LLC, and Credit Suisse Asset Management, LLC (collectively "Credit Suisse USA"), in aid of certain proceedings filed and/or to be filed in Switzerland ("Foreign Proceedings").

WHEREAS, this Protective Order is based on the model Protective Order set forth in the Sedona Conference's *International Principles on Discovery, Disclosure & Data Protection in Civil Litigation (Transnational Edition)* (Jan. 2017), at Appendix C, which represents the best practices for protective orders in matters involving transnational discovery and compliance with the data protection laws of jurisdictions other than the United States.

WHEREAS, to facilitate the production and receipt of information during discovery in the above-captioned proceeding and the Foreign Proceedings (collectively, the "Litigation"), the parties agree and stipulate, through their respective counsel, to the entry of the following Protective Order for the protection of Confidential and Highly Confidential Materials (as defined herein) that may be produced or otherwise disclosed during the course of this Litigation by or on behalf of any party or non-party. The Court has been fully advised in the premises and has found good cause for its entry.

Accordingly, IT IS HEREBY ORDERED that the terms and conditions of this Protective Order shall govern the handling of discovery materials in the Litigation:

1.  **Applicability of Order**: This Order will be applicable to and govern the handling of documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admissions, responses to requests for production of documents, and all other discovery obtained pursuant to the Federal Rules of Civil Procedure by or from, or produced on behalf of, a party in connection with the Litigation (this information hereinafter referred to as "Discovery Material"). As used herein, "Producing Party" or "Disclosing Party" shall refer to the parties to this action that give testimony or produce documents or other information and to non-parties for purposes of Section 10, "Receiving Party" shall refer to the parties to this action that receive such information, and "Authorized Recipient" shall refer to any person or entity authorized by Sections 11 and 12 of this Order to obtain access to Confidential Material, Highly Confidential Material, or the contents of such Material.

2.  **Designation of Material**: Any Producing Party may designate Discovery Material that is in its possession, custody, or control to be produced to a Receiving Party as "Confidential" or "Highly Confidential" under the terms of this Order if the Producing Party in good faith reasonably believes that such Discovery Material contains non-public, confidential material as defined in Sections 4 and 5 below (hereinafter "Confidential Material" or "Highly Confidential Material").

3. **Exercise of Restraint and Care in Designating Material for Protection**: Each Producing Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited.

4. **Confidential Material**: For purposes of this Order, Confidential Material is any information that a party believes in good faith to be confidential or sensitive information, including, but not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, personal, or commercial information, as such terms are used in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

5. **Highly Confidential Material**: For purposes of this Order, Highly Confidential Material is any Protected Data (defined below) and/or Confidential Material as defined in Section 4 which also includes non-public product design and testing information or extremely sensitive, highly confidential, non-public information, consisting either of customer and client personal data as well as trade secrets, proprietary or other highly confidential business, financial, regulatory, or strategic information (including information regarding business plans, technical data, and non-public designs), the disclosure of which would create a substantial risk of competitive or business injury to the Producing Party. Certain Protected Data may compel alternative or additional protections beyond those afforded Highly Confidential Material, in which event the parties shall

meet and confer in good faith, and, if unsuccessful, shall move the Court for appropriate relief.

a.    **Protected Data**: Protected Data shall refer to any information that a party believes in good faith to be subject to federal, state, or foreign Data Protection Laws or other privacy obligations. Protected Data constitutes highly sensitive materials requiring special protection. Examples of such Data Protection Laws include, without limitation, The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); The Health Insurance Portability and Accountability Act and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information); Directive 95/46/EC of the European Parliament and of the Council of 24 October 1995 on the Protection of Individuals with Regard to the Processing of Personal Data and on the Free Movement of Such Data, 1995 O.J. (L281/31) / Regulation (EU) 2016/679 of the European Parliament and of the Council of 27 April 2016 on the Protection of Natural Persons with Regard to the Processing of Personal Data and on the Free Movement of Such Data, and repealing Directive 95/46/EC (General Data Protection Regulation) (L119/1)(EU personal information); Data Protection Act 1998 (c. 29) (United Kingdom personal information); the German Federal Data Protection Act (Germany personal information); the Spanish Data Protection Act 15/1999; the Belgian Law of December 8, 1992 on Privacy

Protection in relation to the Processing of Personal Data (Belgium personal information); Personal Information Protection and Electronic Documents Act (PIPEDA), S.C. 2000, c. 5 (Canada personal information); The Federal Law on Protection of Personal Data held by Private Parties (published July 5, 2010) (Mexico personal information); and The Act on the Protection of Personal Information (Law No. 57 of 2003) (APPI) (Japan personal information).

6. **Designating Confidential Material or Highly Confidential Material**: The designation of Discovery Material as Confidential Material or Highly Confidential Material for purposes of this Order shall be made in the following manner:

    a. **Documents Produced As Images:** A Party shall designate Documents produced as images as confidential by stamping "CONFIDENTIAL," for Confidential Material, or "HIGHLY CONFIDENTIAL" for Highly Confidential Material, on the bottom left corner of the image. In the case of Highly Confidential material that contains Protected Data, the Party shall additionally stamp the basis of the Protected Data designation, including the provisions of any Data Protection Laws that the Party claims applies.

    b. **Documents Produced In Native Form:** A Party shall designate Documents produced in native form as confidential by including

"CONFIDENTIAL," for Confidential Material, or "HIGHLY

CONFIDENTIAL" for Highly Confidential Material, in the

filename for the native document and by stamping

"CONFIDENTIAL," for Confidential Material, or "HIGHLY

CONFIDENTIAL" for Highly Confidential Material, on the

bottom left corner of the image of the slipsheet. In the case of

Highly Confidential material that contains Protected Data, the

Producing party shall additionally include in the filename and the

stamp on the slipsheet the basis of the Protected Data designation,

including the provisions of any Data Protection Laws that the Party

claims applies.

c.  **Deposition and Other Proceedings:** A Party shall designate

portions of Deposition and other proceedings as confidential by so

stating on the record, if feasible, and by stamping

"CONFIDENTIAL," for Confidential Material, or "HIGHLY

CONFIDENTIAL" for Highly Confidential Material, on each page

of the transcript to which that designation applies. In the case of

Highly Confidential material that contains Protected Data, the

Party shall additionally state on the record, if feasible, and stamp

on the transcript the basis of the Protected Data designation,

including the provisions of any Data Protection Laws that the Party

claims applies.

d.     **Non-Written Materials:** If any Party wishes to designate non-written materials as Confidential or Highly Confidential, the Parties shall meet and confer to determine an appropriate manner to so designate the materials.

7.     **Inadvertent Disclosure**: The inadvertent failure to designate Discovery Material as Confidential or Highly Confidential does not constitute a waiver of such claim and may be remedied by prompt supplemental written notice upon discovery of the inadvertent disclosure, with the effect that such Discovery Material will be subject to the protections of this Order.

8.     **Copies**: The Receiving Party may make copies of Discovery Material, but such copies shall become Confidential Material or Highly Confidential Material to the same extent, and subject to the same protections, as the Discovery Material from which those copies were made. The Receiving Party shall exercise good faith efforts to ensure that copies it makes of Discovery Material produced to it, and copies made by others who obtained such Discovery Material directly or indirectly from the Receiving Party, include the appropriate confidentiality legend, to the same extent that the Discovery Material has been marked with the appropriate confidentiality legend by the Producing Party. In the event that the Receiving Party receives notice in accordance with Section 7 of this Order that Discovery Material was inadvertently disclosed without being designated as Confidential or Highly Confidential Material, the Receiving

Party shall exercise good faith efforts to notify the Producing Party, ensure that copies it makes of Discovery Material produced to it, and copies made by others who obtained such Discovery Material directly or indirectly from the Receiving Party, are marked with the appropriate confidentiality legend, are made available in whole or in part only to persons authorized to receive Confidential or Highly Confidential Material (as the case may be), and are at all times handled and used only in the manner that this Order permits or requires Confidential or Highly Confidential Material (as the case may be) to be handled and used.

9.   **Notes of Confidential Material or Highly Confidential Material**: Any notes, lists, memoranda, indices, compilations prepared or based on an examination of Confidential Material or Highly Confidential Material, or any other form of information (including electronic forms), that quote from, paraphrase, copy, or disclose Confidential Material or Highly Confidential Material with such specificity that the Confidential Material or Highly Confidential Material can be identified, or by reasonable logical extension can be identified, shall be accorded the same status of confidentiality as the underlying Confidential Material or Highly Confidential Material from which they are made and shall be subject to all of the terms of this Protective Order.

10.   **Notice to Non-Parties**: Any party issuing a subpoena to a non-party shall enclose a copy of this Protective Order with a request that, within ten (10) calendar days, the non-party either request the protection of this Protective

Order or notify the issuing party that the non-party does not need the protection of this Protective Order or wishes to seek different protection.

11. **Persons Authorized to Receive Confidential Material**: Discovery Material designated "Confidential" or its contents may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

a. The Parties (including any owners, affiliates, parent companies, subsidiaries, and successors in interest);

b. Counsel for the Parties and employees of counsel for the Parties;

c. Any other current or future parties to the Foreign Proceedings that are not Parties to this Litigation;

d. Individual employees of a Party, but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary;

e. Consulting and testifying experts or consultants retained by the Parties, but only after the proposed expert or consultant has executed an Agreement to Abide By Protective Order in substantially the form attached hereto as Exhibit A;

f. Vendors retained by the parties for the purpose of printing, organizing, or processing documents, including vendors hired to process, store, organize, or display electronically stored documents;

g. The United States District Court for the Southern District of New York, the Courts or Tribunals presiding over the Foreign Proceedings, and any judge, arbitrator, clerk, court reporter, commissioner, master, special master, expert, mediator, consultant, or other officer or employee of any such court, tribunal, or proceeding;

h. Any witness at any deposition, trial, hearing, or other proceedings, to whom disclosure is reasonably necessary, but any such witness shall not retain a copy of documents containing Confidential information, except in connection with review of any transcript associated with the Foreign Proceedings;

i. The author or sender of, and any recipient of, the document (not including a person who received the document in the course of litigation); and

j.      Any other person only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

12.    **Persons Authorized to Receive Highly Confidential Material**: Except as specifically provided for in this or subsequent Court orders, Highly Confidential Material or its contents shall not be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part to any person or entity, directly or indirectly, other than the following:

a.      Counsel for the Parties and employees of counsel for the Parties;

b.      Any other current or future parties to the Foreign Proceedings that are not Parties to this Litigation;

c.      Consulting and testifying experts or consultants retained by the Parties, but only after the proposed expert or consultant has executed an Agreement to Abide By Protective Order in substantially the form attached hereto as Exhibit A;

d.      Vendors retained by the parties for the purpose of printing, organizing, or processing documents, including vendors hired to process, store, organize, or display electronically stored documents;

e.      The United States District Court for the Southern District of New York, the Courts or Tribunals presiding over the Foreign Proceedings, and any judge, arbitrator, clerk, court reporter, commissioner, master, special master, expert, mediator, consultant, or other officer or employee of any such court, tribunal, or proceeding;

f.      Any witness at any deposition, trial, hearing, or other proceedings, to whom disclosure is reasonably necessary, but any such witness shall not retain a copy of documents containing Confidential information, except in connection with review of any transcript associated with the Foreign Proceedings;

g.      The author or sender of, and any recipient of, the document (not including a person who received the document in the course of litigation); and

h.      Any other person only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

13. **Qualification of Outside Experts and Consultants**: Neither Confidential nor Highly Confidential Material shall be disclosed to any outside experts or consultants who are current employees of a direct competitor of any party named in the Litigation, except as may subsequently be agreed in writing by the Parties or upon order of the Court and on such conditions as may be agreed or ordered.

14. **Use of Discovery Material**: Except as provided in Paragraph 30, *infra,* Discovery Material containing Confidential and/or Highly Confidential Material shall be used solely for purposes of the Litigation, including any appeal and retrial. Any person or entity in possession of Discovery Material designated Confidential or Highly Confidential shall maintain those materials in accordance with Section 17 below.

15. **Agreement Must be Signed Prior to Disclosure**: Each person to whom Confidential or Highly Confidential Material may be disclosed that is also required to sign the "Agreement Concerning Information Covered by Protective Order" (attached hereto as Exhibit A) pursuant to Sections 11 and 12 shall deliver to the Disclosing Party a completed and originally executed copy of Exhibit A hereto prior to the time such Material is disclosed to such proposed Receiving Party.

16. **Exclusion of Individuals from Depositions**: Counsel for any Producing Party shall have the right to exclude from depositions any person who is not authorized by this Order to receive documents or information designated Confidential or Highly Confidential, but only during periods of

examination or testimony directed to or comprising information that is Confidential or Highly Confidential.

17. **Storage of Confidential Material or Highly Confidential Material**: The recipient of any Confidential Material or Highly Confidential Material that is provided under this Protective Order shall maintain such information in a reasonably secure and safe manner that ensures that access is limited to the persons authorized under this Order, and shall further exercise the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.

18. **Filing of Confidential Material or Highly Confidential Material**: The following procedures apply provided they do not conflict with applicable rules and orders of the court or tribunal in which the materials are sought to be filed:

    a. Any Party other than the Party that designated the Material as Confidential Material or Highly Confidential Material shall, to the extent court rules permit, initially file or lodge the Confidential Material or Highly Confidential Material under seal, and shall give notice to the Party that designated the Material of that filing or lodging. The Party that designated the Material shall then have 10 days to move to seal the Material. If the Party fails to move to seal the Material within 10 days, or if the Court denies the motion to

seal, the Material shall lose its status as Confidential Material or Highly Confidential Material.

19. **No Prejudice**: Agreeing to be bound by this Protective Order, agreeing to and/or producing or receiving Confidential Material or Highly Confidential Material or otherwise complying with the terms of this Order shall not constitute an admission that any such material is subject to any obligation of confidentiality and shall not be used in any other proceedings as evidence that such material was properly so designated or otherwise subject to any obligation of confidentiality.

20. **Challenging Designation of Materials**: A party shall not be obligated to challenge the propriety of a Confidential Material or Highly Confidential Material designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto during the pendency of this Litigation.

   a. **Challenge:** A Party that wishes to challenge any designation shall notify the designating Party in writing of the particular material that the challenging Party is challenging.

   b. **Meet and Confer and Motion:** If the designating Party disputes the Challenge, the Parties shall meet and confer in good faith in an effort to resolve the dispute. If the parties cannot resolve their dispute within seven calendar days of the challenge, unless all Parties agree to extend the meet-and-confer period, the designating Party shall within five court days file a motion or letter motion,

consistent with the applicable Court rules and individual practices, for a protective order with the Court. The burden of proof shall be on the designating party to show that the designation is proper and in accordance with applicable law. If the designating Party fails to so move or if the Court denies the motion for a protective order, the designation shall be removed.

c. **Status of Challenged Designation Pending Judicial Determination:** Until the challenge is resolved, the challenged designation shall remain in effect.

21. **No Application to Public or Otherwise Available Information**: This Order shall not limit or restrict a Receiving Party's use of information that the Receiving Party can demonstrate: (i) was lawfully in the Receiving Party's possession prior to such information being designated as Confidential or Highly Confidential Material in the Litigation and that the Receiving Party is not otherwise obligated to treat as confidential; (ii) was obtained without any benefit or use of Confidential or Highly Confidential Material from a third party having the right to disclose such information to the Receiving Party without restriction or obligation of confidentiality; (iii) was independently developed by it after the time of disclosure by personnel who did not have access to the Producing Party's Confidential or Highly Confidential Material; or (iv) has been independently published to the general public, and relevant Data Protection Laws do not apply. If the Receiving Party believes that the Disclosing Party has designated

information that is covered by any of the preceding categories as Confidential Material or Highly Confidential Material, the Receiving Party may challenge the propriety of such designation using the procedure outlined in Section 20 above. Any challenged designation remains in force until the propriety of such designation has been decided as outlined above.

22. **No Waiver of Privilege**: Pursuant to Federal Rule of Evidence 502(d), disclosure (including production) of information that a party or non-party later claims should not have been disclosed because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine ("Privileged Information"), shall not constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the Disclosing or Producing Party would be entitled in the Litigation or any other federal or state proceeding.

23. **Effect of Disclosure of Privileged Information**: Pursuant to Federal Rule Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(e), the Receiving Party hereby agrees to return, sequester, or destroy any Privileged Information disclosed or produced by Disclosing or Producing Party upon request. If the Receiving Party reasonably believes that Privileged Information has been inadvertently disclosed or produced to it, it shall promptly notify the Disclosing or Producing Party and sequester such information until instructions as to disposition are received. The failure of any party to provide notice or instructions under this Paragraph

shall not constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the Disclosing or Producing Party would be entitled in the Litigation or any other federal or state proceeding.

24.  **Additional Parties or Attorneys**: In the event additional parties join or intervene in this Litigation, the newly joined party(ies) shall not have access to Confidential Material or Highly Confidential Material until its/their counsel has executed and, at the request of any party, filed with the Court the agreement of such party(ies) and such counsel to be fully bound by this Order. If any additional attorneys, other than attorneys at the same law firm as existing attorneys in this action, make appearances in this Litigation, those attorneys shall not have access to Confidential Material or Highly Confidential Material until they execute the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A.

25.  **Protective Order Remains in Force**: This Protective Order shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by order of the Court made upon reasonable written notice. Unless otherwise ordered, or agreed upon by the parties, this Protective Order shall survive the termination of this Litigation. The Court retains jurisdiction even after termination of this Litigation to enforce this Protective Order and to make such amendments, modifications, deletions,

and additions to this Protective Order as the Court may from time to time deem appropriate.

26. **No Prejudice for Further Relief**: This Protective Order is without prejudice to the right of any party to seek other or further relief from the Court.

27. **No Waiver of Grounds for Producing Material**: This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, overbreadth, burdensomeness, or other grounds for not producing material called for, and access to such material shall be only as otherwise provided by the discovery rules and other applicable laws.

28. **Termination of Access to Confidential Material and Highly Confidential Material**:

   a. **Change in Status:** Any person who ceases to be in the capacity that authorized that person to have access to Confidential Material and Highly Confidential Material shall within thirty days of that change of status return or destroy any such material, and shall remain subject to this order for the purposes of enforcing this obligation.

   b. **Conclusion of Litigation:** The Litigation shall conclude, for the purposes of this Order, when all foreign proceedings for which use of Confidential Materials and Highly Confidential Materials is authorized by this Order, including all appeals, rehearings, motions

to vacate, or motions to confirm, have concluded and the time for seeking any further appeal, rehearing, motion to vacate, or motion to confirm, has passed. 90 days after the Litigation has concluded, the Parties shall return or destroy all Confidential Material and Highly Confidential Material. Nothing in this order shall require the destruction of attorneys' work product or court or arbitral records, or to require the destruction of records that a Party is required by law to retain.

29. **No Loss of Confidential or Highly Confidential Status by Use in Litigation or Appeal**: In the event that any Confidential or Highly Confidential Material is used in any court proceeding in this Litigation or any appeal therefrom, such Confidential or Highly Confidential Material shall not lose its status as Confidential or Highly Confidential through such use, unless it has been lawfully placed on the public record. Counsel shall comply with all applicable local rules and shall confer on such procedures that are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any court proceedings, including petitioning the Court to close the court room.

30. **Confidential or Highly Confidential Material Subpoenaed or Ordered Produced in Other Actions**: If any person receiving documents covered by this Order (the "Receiver") is served with a subpoena, order, interrogatory, document request, or civil investigative demand (collectively, a "Demand") issued in any other action, investigation, or

proceeding, and such Demand seeks Discovery Material that was

produced or designated as Confidential Material or Highly Confidential

Material by someone other than the Receiver, the Receiver shall give

prompt written notice by email within ten (10) business days of receipt of

such Demand to the party or non-party who produced or designated the

material as Confidential Material or Highly Confidential Material, and

shall object to the production of such materials on the grounds of the

existence of this Order. The burden of opposing the enforcement of the

Demand shall fall upon the party or non-party who produced or designated

the material as Confidential Material or Highly Confidential Material.

Unless the party or non-party who produced or designated the Confidential

Material or Highly Confidential Material obtains an order directing that

the Demand not be complied with, and serves such order upon the

Receiver prior to production pursuant to the Demand, the Receiver shall

be permitted to produce documents responsive to the Demand on the

Demand response date. Compliance by the Receiver with any order

directing production pursuant to the Demand of any Confidential Material

or Highly Confidential Material shall not constitute a violation of this

Order. The Receiver will ensure that Confidential Material or Highly

Confidential Material is adequately secured during transfer. Nothing in

this Order shall be construed as authorizing a party to disobey a lawful

subpoena issued in another action.

31. **Advice Based on Discovery Material Allowed**: Nothing in this

Protective Order shall bar or otherwise restrict any attorney from

rendering advice to his or her client with respect to this Litigation and, in the course of rendering advice, referring to or relying generally on the examination of Confidential Material or Highly Confidential Material; provided, however, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose the contents of any Confidential Material or Highly Confidential Material produced by another party or a non-party if that disclosure would be contrary to the terms of this Protective Order.

32. **Redaction Allowed**: Any Producing Party may redact from the documents and things it produces matter that the Producing Party claims is subject to attorney-client privilege, work product immunity, a legal prohibition against disclosure, or any other privilege or immunity. The Producing Party shall not redact on the basis that part of the document contains irrelevant matter, except (i) the Producing Party may redact irrelevant matter if (and only if) the irrelevant matter would otherwise require a Highly Confidential designation and the document would not otherwise require a Highly Confidential designation; and (ii) as required by a legal prohibition against disclosure. The Producing Party shall mark each thing where matter has been redacted with a legend stating "REDACTED," and specify the basis for the redaction (e.g., attorney-client privilege, work-product doctrine, the section of law under which disclosure is prohibited, etc.), as appropriate, or a comparable notice. Where a document consists of more than one page, at least each page on which information has been redacted shall be so marked. The Producing Party shall preserve an

unredacted version of each such document. If native documents are to be redacted, the parties shall meet and confer to determine an appropriate way to redact the document without compromising the document's integrity. In addition to the foregoing, the following shall apply to redactions of Protected Data:

a.     Any party may redact Protected Data that it claims, in good faith, requires protection under the terms of this Order. Protected Data, however, shall not be redacted from Discovery Material to the extent it directly relates to or identifies an individual named as a party.

b.     Protected Data shall be redacted from any public filing not filed under seal.

c.     The right to challenge and process for challenging the designation of redactions shall be the same as the right to challenge and process for challenging the designation of Confidential Material and Highly Confidential Material as set forth in Section 20.

33.     **Personally Identifiable Information**: Personally identifiable information that a party has designated as Protected Data as defined in Section 5.a, *supra*, based on its good faith belief that the information is subject to federal, state, or foreign Data Protection Laws, data privacy laws, or other privacy obligations, or any of the information contained therein, shall be handled by Counsel for the Receiving Party (or any vendor retained by

Counsel for the Receiving Party in compliance with this Order) with the highest care.

34.    **Data Security**: Any person in possession of Confidential Material or Highly Confidential Material shall maintain a written information security program that includes reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such Confidential Material or Highly Confidential Material, protect against any reasonably anticipated threats or hazards to the security of such Confidential Material or Highly Confidential Material, and protect against unauthorized access to Confidential Material or Highly Confidential Material. To the extent a party or person does not have an information security program, they may comply with this provision by having the Confidential Material or Highly Confidential Material managed by and/or stored with eDiscovery vendors or claims administrators that maintain such an information security program. If a Receiving Party or Authorized Recipient discovers any loss of Confidential Material or Highly Confidential Material or a breach of security, including any actual or suspected unauthorized access, relating to another party's Confidential Material or Highly Confidential Material, the Receiving Party or Authorized Recipient shall: (1) promptly provide written notice to Disclosing Party of such breach; (2) investigate and make reasonable efforts to remediate the effects of the breach, and provide Disclosing Party with assurances reasonably satisfactory to Disclosing Party that such breach shall not recur; and (3) provide sufficient information about the

breach that the Disclosing Party can reasonably ascertain the size and scope of the breach. The Receiving Party or Authorized Recipient agrees to cooperate with the Producing Party or law enforcement in investigating any such security incident. In any event, the Receiving Party or Authorized Recipient shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

35. **End-of-Matter Data Disposition**: Upon final resolution of this Litigation, as defined in section 28.b. above, the Parties will certify that all Confidential Material and/or Highly Confidential Material has been returned to the Producing Party and/or been destroyed in a secure manner. Nothing in this order shall require the destruction of attorneys' work product or court or arbitral records, or to require the destruction of records that a Party is required by law to retain.

36. **Violations of Protective Order**: In the event that any person or party should violate the terms of this Protective Order, the aggrieved Disclosing Party may apply to the Court to obtain relief against any such person or party violating or threatening to violate any of the terms of this Protective Order. In the event that the aggrieved Disclosing Party seeks injunctive relief, it must petition the District Judge for such relief, which may be granted at the sole discretion of the District Judge. The parties and any other person subject to the terms of this Protective Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Protective Order.

37. **Headings**: The headings herein are provided only for the convenience of the parties, and are not intended to define or limit the scope of the express terms of this Protective Order.

38. **Modifications:** If any Party wishes to seek modification of this Order or relief from any provision of this Order, the Party seeking modification or relief shall notify all other Parties. The Parties shall meet and confer in good faith in an effort to resolve the dispute. If the parties cannot resolve their dispute within seven calendar days of the notification, unless all Parties agree to extend the meet-and-confer period, the designating Party shall within five court days file a motion or letter motion, consistent with the applicable Court rules and individual practices, for modification or relief of this order with the Court. Until such time as the Court may modify or grant relief, this Order shall remain fully valid, binding, and enforceable.

39. **Miscellaneous:** The Parties agree to be guided by the Sedona Conference's *International Principles on Discovery, Disclosure & Data Protection in Civil Litigation (Transnational Edition)* (Jan. 2017); and the Article 29 Data Protection Working Party's *Working Document 1/2009 on Pre-Trial Discovery for Cross Border Civil Litigation*, No. 0039/09/EN WP 158 (Feb. 11, 2009); and other relevant documents issued by the Sedona Conference and Article 29 Working Party.

**IT IS SO ORDERED**

Dated: New York, NY
       February 28        , 2020

_____
Hon. Edgardo Ramos, United States District Judge


DATED:  February 26, 2020

By: /s/ Matthew J. Herrington          By: /s/ Peter Calamari

Matthew J. Herrington                  Peter Calamari
Anthony Antonelli                      Lucas V.M. Bento
Paul Hastings LLP                      Alexander P. Wentworth-Ping
200 Park Ave                           Quinn Emanuel Urquhart & Sullivan, LLP
New York, NY 10166                     51 Madison Avenue, Floor 22
                                       New York, NY 10010
*Attorneys for Credit Suisse Holdings (USA)*
*Inc., Credit Suisse (USA) Inc., Credit Suisse*    *Attorneys for Top Matrix Holdings Ltd*
*Securities (USA) LLC, and Credit Suisse*
*Asset Management, LLC*

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE APPLICATION OF TOP MATRIX HOLDINGS LTD FOR AN ORDER TO TAKE DISCOVERY FOR USE IN A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782 | Case No.:     18-MC-00465(ER)<br><br>ECF Case |

<u>**AGREEMENT TO ABIDE BY STIPULATED PROTECTIVE ORDER**</u>
<u>**REGARDING PROTECTED DATA**</u>

I, _____, hereby acknowledge that I have received a copy of the Stipulated Protective Order entered in the above-captioned action by the United States District Court for the _____ District of _____ (hereinafter, the "Protective Order").

I have either read the Protective Order or have had the terms of the Protective Order explained to me by my attorney.

I understand the terms of the Protective Order and agree to comply with and to be bound by such terms.

If I receive documents or information designated as Confidential Material or Highly Confidential Material (as those terms are defined in the Protective Order), I understand that such information is provided to me pursuant to the terms and restrictions of the Protective Order.

I agree to hold in confidence and not further disclose or use for any purpose (other than is permitted by the Protective Order) any information disclosed to me pursuant to the terms of the

Protective Order. I agree to maintain and abide by the Data Security provisions and End-of-Matter Data Disposition provisions set forth in the Protective Order.

I submit myself to the jurisdiction of the United States District Court for the Southern District of New York for resolution of any matters pertaining to the Protective Order.

My address is _____

My present employer is _____

Dated: _____

Signed: _____